# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

ABYSSINIAN OUTREACH MINISTRIES,

       Plaintiff,

       v.                          CAUSE NO.: 2:19-CV-334-TLS-APR

LAKE COUNTY TREASURER/AUDITOR,

       Defendant.

## OPINION AND ORDER

This matter is before the Court on a Rule 12(b)(1) Motion to Dismiss Complaint for Lack of Subject Matter Jurisdiction [ECF No. 10], filed by Defendant on November 11, 2019.[1] Plaintiff has not responded, and the time to do so has passed. Finding that the Court lacks subject matter jurisdiction over Plaintiff's claims, the Court grants the Motion to Dismiss.

## PROCEDURAL HISTORY

Plaintiff Abyssinian Outreach Ministries, proceeding without counsel, filed its Complaint [ECF No. 1] on September 4, 2019, against Defendant Lake County Treasurer/Auditor. The Complaint is signed by Hugh Z. Nelson. *See* Compl. 9, ECF No. 1. Plaintiff alleges that Defendant Lake County Treasurer/Auditor sold Plaintiff's church building, which had been used by the church since 1999. *Id.* at 2. Plaintiff alleges that it did not know about reinstating corporation status or attaining tax exemption that was initially transferred when the church was purchased. *Id.* Plaintiff further alleges that the Lake County Treasurer/Auditor scheduled September 26, 2019, "to allow the purchaser to attain the title and deed to the [property]." *Id.* In the prayer for relief, Plaintiff asks the Court to order the Lake County

---

[1] Although the Motion to Dismiss [ECF No. 10] is brought by "Defendants Lake County Auditor and Lake County Treasurer," the Complaint names the Defendant in the singular as "Lake County Treasurer/Auditor." ECF No. 1.

Treasurer to stop the sale of the church building and to remove the taxes from the treasurer's taxpayer files in order to allow the church to register for tax exemption. *Id.* at 3. Plaintiff does not seek damages.

Attached to the Complaint is a document titled "Complaint and Request for Injunction," in which Plaintiff asserts that this Court has federal question jurisdiction because the Lake County Treasurer is denying worshippers the right to freedom of religion. *See* Compl. and Request for Injunction 3, ECF No. 1-1. In this document, Plaintiff alleges that the Lake County Treasurer assessed property taxes in the amount of $294,829.39 and then sold the property on May 11, 2019, for $500 in a delinquent tax sale. *Id.* Plaintiff further alleges that the deed transfer is scheduled for September 26, 2019. *Id*. at 4. Plaintiff then alleges that, on August 22, 2019, it was "denied removal of prior property taxes" by the court. *Id*. The attached August 22, 2019 court order shows that the state court found Plaintiff's petition moot because the parcel was not on that current tax sale. *See* Compl. Attach. 1, ECF No. 1-5. Like the Complaint, the prayer for relief in the attached "Complaint and Request for Injunction" seeks to have the property taxes removed in order to allow Plaintiff and its members to continue to worship; there is no request for damages. *See* Compl. and Request for Injunction at 5. Plaintiff has attached the "Delinquent Tax Sale Record" showing the earlier sale of the property. *See* Compl. Attach. 2, ECF No. 1-5.

In this federal litigation, on September 11, 2019, Plaintiff was denied leave to proceed in forma pauperis because Plaintiff is not a natural person. ECF No. 3. Plaintiff paid the filing fee on October 11, 2019. On October 29, 2019, the Court ordered Plaintiff to obtain an attorney by November 26, 2019, explaining that corporations, as well as partnerships and other unincorporated associations, must be represented by an attorney admitted to practice law. *See* ECF No. 7. On November 11, 2019, Defendant filed the instant Motion to Dismiss [ECF No.

10]. On November 21, 2019, the Court granted Plaintiff an extension of time through December 10, 2019, to obtain an attorney. ECF No. 13. On December 10, 2019, the Court further extended the deadline to obtain an attorney to January 31, 2020, and denied Plaintiff's request to proceed without counsel. ECF No. 16. On February 3, 2020, the Court denied Plaintiff's request to reconsider the ruling that Plaintiff cannot proceed without counsel and set a deadline of February 18, 2020, for an attorney to respond to the Motion to Dismiss on behalf of Plaintiff. ECF No. 18. On March 4, 2020, the Court denied a second motion for reconsideration. ECF No. 20.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering a motion to dismiss for lack of subject matter jurisdiction, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

## ANALYSIS

In the Motion to Dismiss, Defendant argues that this Court is without jurisdiction because the allegations of Plaintiff's Complaint arise from Indiana state property tax laws and the Indiana Tax Court has exclusive jurisdiction over cases arising under Indiana tax laws.

Plaintiff has not filed a response, and the time to do so has passed. Therefore, the motion is ripe for ruling. *See* N.D. Ind. L.R. 7-1(d)(5) ("The court may rule on a motion summarily if an opposing party does not file a response before the deadline.").

As an initial matter, Plaintiff, an organization, cannot proceed without counsel. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) (recognizing that artificial business entities, such as corporations, partnerships, or associations, may not appear in federal court pro se or through ordinary agents but only through licensed counsel); *see also Strong Delivery Ministry Ass'n v. Bd. of Appeals of Cook Cty.*, 543 F.2d 32, 33–34 (7th Cir. 1976) (holding that a corporation must be represented by an attorney in federal court). The Court has given Plaintiff several opportunities to obtain counsel, yet no attorney has appeared on behalf of Plaintiff. For this reason, dismissal of the Complaint is appropriate. *See Strong*, 543 F.2d at 33, 35 (affirming the district court's judgment dismissing the complaint without prejudice because the corporate plaintiff was not represented by an attorney). Such a dismissal would be without prejudice, and Plaintiff would be given leave to file an amended complaint if filed by an attorney. *See id*. at 33. However, leave to file such an amendment would be futile because the Court does not have subject matter jurisdiction over Plaintiff's claims. Thus, dismissal without prejudice for lack of subject matter jurisdiction is appropriate for the reasons set forth below.

The federal district courts are courts of limited jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 878 (7th Cir. 2002). Although Plaintiff does not allege any federal claims in its Complaint, Plaintiff asserts federal question jurisdiction based on a claim for infringement of freedom of religion in the attached document titled "Complaint and Request for Injunction Relief." Regardless, all of Plaintiff's claims arise from Indiana property tax laws, as

4

Plaintiff is essentially alleging improper property assessments, improper property tax

classifications, improper tax bills, and improper tax collection by and through an annual tax sale.

This Court cannot provide Plaintiff relief on its tax claims because the Tax Injunction Act

"forbids federal district courts to 'enjoin, suspend or restrain the assessment, levy or collection of

any tax under State law,' provided that an adequate remedy is available in the state courts."

*Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 651 F.3d 722, 725 (7th Cir. 2011)

(quoting 28 U.S.C. § 1341); *see also Hay*, 312 F.3d at 878; *Dorsey v. City of Indianapolis*, No.

1:16-CV-01435, 2016 WL 5871711, at *3 (S.D. Ind. Oct. 7, 2016); *Israel v. Martin*, No. 1:08-

CV-109, 2008 WL 1994859, at *2 (N.D. Ind. May 6, 2008).[2] In *Hay*, the Seventh Circuit Court

of Appeals determined that there is an available and sufficient remedy for Indiana taxpayers to

challenge their real property tax assessments:

> Under Indiana law, a taxpayer can seek review of a property tax
> assessment by the County Property Tax Assessment Board of Appeals (Ind. Code
> 6-1.1-15-1) and can appeal any finding to the Indiana Board of Tax Review (Ind.
> Code § 6-1.1-15-3). If a taxpayer remains unsatisfied after these administrative
> review processes, she may seek judicial review with the Indiana Tax Court. Ind.
> Code § 6-1.1-15-5. From there, all appeals go to the Indiana Supreme Court, and
> then, of course, a party may petition the United States Supreme Court for
> certiorari. In addition to the direct challenge, the state statute also provides a
> procedure for taxpayers to receive a refund for property taxes assessed and paid
> that are later found to be illegal as a matter of law. Ind. Code § 6-1.1-26-1.
>
> Viewing these statutory mechanisms in light of the requirements of
> *Rosewell*, we conclude that Indiana provides a plain, speedy and efficient remedy
> for those who wish to contest their real property tax assessment. Indeed, we have
> come to the same conclusion twice before based on an examination of now-
> repealed, but substantially similar state court review mechanisms. *See Miller v.
> Bauer*, 517 F.2d 27 (7th Cir. 1975); *Sacks Bros. Loan Co. v. Cunningham*, 578
> F.2d 172 (7th Cir. 1978). In *Miller*, the Court noted that a taxpayer could appeal
> the assessment to the County Board of Review, then to the State Board, a county
> circuit court, to the Indiana Supreme Court, and finally to the United States
> Supreme Court. *Id.* at 32. Similarly, in *Sacks*, the court noted that review was

---

[2] Although Defendant does not cite the Tax Injunction Act, Defendant argues that this Court does not have subject matter jurisdiction because the proper vehicle for Plaintiff's challenges is set out in Indiana Code § 6-1.1-15 et seq.

> available first by the County Board of Review, then by the State Board of Tax Commissioners, followed by review in the state courts. *Id.* at 174–75. The *Sacks* court also noted that taxpayers could take an alternate course and seek a refund after paying the taxes by demonstrating that the taxes were, as a matter of law, illegal. *Id.* at 175. Although the specifics of the tax assessment statutes have been revised, these same remedies are available to the taxpayers in the instant case.

*Hay*, 312 F.3d at 880–81.

For the same reasons, there is an adequate remedy available in state court for Plaintiff's claims in this case. First, if a property owner does not agree with the assessment of the property, the owner has forty-five days to appeal to the county board. *See* Ind. Code § 6-1.1-15-1.1; *see also* Ind. Code § 6-1.1-1-19 (defining "tangible property" as "real property and personal property as those terms are defined in this chapter"). An appeal may raise an error related to, among other things, "[t]he assessed value of the property," "[t]he approval, denial, or omission of a deduction, credit, exemption, abatement, or tax cap," and "[t]he legality or constitutionality of a property tax or assessment." *Id*. § 6-1.1-15-1.1(a)(1), (3), (6). The owner then has forty-five days to appeal an adverse decision of the county board to the Indiana board. *See id.* § 6-1.1-15-3. A decision of the Indiana board in turn can be appealed to the Indiana Tax Court. *See id.* § 6-1.1-15.5. If an owner fails to pay real property taxes, the parcel may be sold at an annual tax sale. *See id.* § 6-1.1-24-1, et seq.

The Indiana Tax Court has exclusive jurisdiction over claims arising under the tax laws of Indiana:

> Sec. 1. The tax court is a court of limited jurisdiction. The tax court has exclusive jurisdiction over any case that arises under the tax laws of Indiana and that is an initial appeal of a final determination made by:
> > (1) the department of state revenue with respect to a listed tax (as defined in IC 6-8.1-1-1); or
> > (2) the Indiana board of tax review.

*Id.* § 33-26-3-1. "[A] case 'arises under' the tax laws [of Indiana] if: 1) an Indiana tax statute creates the right of action; or 2) the case principally involves collection of a tax or defenses to that collection." *State v. Sproles*, 672 N.E.2d 1353, 1357 (Ind. 1996); *see also Marion Cty. Auditor v. Revival Temple Apostolic Church*, 898 N.E.2d 437, 445 (Ind. Ct. App. 2008). In addition, a parcel owner who wishes to bring a claim arising under the tax laws of Indiana must exhaust administrative remedies before seeking review by the Indiana Tax Court and may not circumvent those requirements by seeking relief in the trial court instead. *See State ex rel. Att'y Gen. v. Lake Superior Court*, 820 N.E.2d 1240, 1246–47 (Ind. 2005) (recognizing the exclusive jurisdiction of the Indiana Tax Court, finding that exhaustion of administrative remedies was required on the claim regarding the constitutionality of the statute providing for property tax assessments in Lake County, and holding that the trial court did not have subject matter jurisdiction based on the failure to exhaust administrative remedies (citing *Sproles*, 672 N.E.2d at 1357)); *Revival Temple Apostolic Church*, 898 N.E.2d at 445–46 (holding that the trial court did not have subject matter jurisdiction to order a refund of property taxes because of the exclusive jurisdiction of the Indiana Tax Court and the failure of the plaintiff to exhaust administrative remedies). In addition, the Indiana state court that enters the judgment on the tax sale "shall retain exclusive continuing supervisory jurisdiction over all matters and claims relating to the tax sale." Ind. Code § 6-1.1-24-4.7(f).

Thus, Indiana law provides an adequate remedy for Plaintiff to challenge the state proceedings related to the assessment and tax sale. *See Hay*, 312 F.3d at 878 (affirming the district court's dismissal of Indiana landowners' property tax assessment challenge for lack of jurisdiction, "find[ing] that the Tax Injunction Act does indeed bar the landowners from pursuing a claim in federal court"); *Dorsey*, 2016 WL 5871711, at *3 (finding that the Tax Injunction Act

deprived the court of subject matter jurisdiction over the claim of excessive property taxes because "Indiana provides an adequate remedy for [the plaintiff] to challenge the allegedly excessive assessment of which he complains"); *Israel*, 2008 WL 1994859, at *2 (finding that the Tax Injunction Act deprived the court of subject matter jurisdiction over the allegations challenging the real property tax assessment). Plaintiff has not opposed the instant motion and has offered no argument or evidence that the state court does not provide an adequate remedy for its claims.

Accordingly, the Tax Injunction Act divests this Court of subject matter jurisdiction over Plaintiff's tax-related claims, and Plaintiff must bring these challenges through the procedures set forth by Indiana state law. *See Hay*, 312 F.3d at 880; *Israel*, 2008 WL 1994859, at *2. In addition, to the extent Plaintiff is asking the Court to enjoin or vacate a state court order related to the tax sale, the *Rooker-Feldman* doctrine would also deprive the Court of subject matter jurisdiction. *See, e.g.*, *Dorsey*, 2016 WL 5871711, at *3 (finding that, "[i]f there is an outstanding state court order for [the plaintiff's] property to be sold at an upcoming tax sale," the court "may not enjoin that order because of the *Rooker-Feldman* doctrine" (citing Ind. Code § 6-1.1-24-4.7(f))). As a result, the Complaint is dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Motion to Dismiss [ECF No. 10] and DISMISSES Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction.

SO ORDERED on August 21, 2020.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT